UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>            Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>            Respondent. | CASE NO. 2:22-CV-767-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 15, 2022 |

    *Pro se* petitioner John Demos, a bar-ordered litigant, filed a motion for leave to proceed *in forma pauperis* ("IFP") and an application to file a successive petition for habeas corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2255. Dkt. 1. In this application, Petitioner challenges his 1978 attempted rape and burglary convictions. Dkt. 1, at 2. Petitioner appears to have previously challenged these convictions in this court by filing a habeas petition. Dkt. 1, at 6. This previous petition was denied by the Court and was subsequently dismissed on appeal. Dkt. 1, at 6. As such, any petition challenging the 1978 conviction is successive.

    A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per

curiam). However, the Ninth Circuit Rules dictate that "[i]f an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." 9th Cir. R. 22-3(a).

Here, Petitioner has filed an application for authorization to file a second or successive petition. *See* Dkt. 1. Therefore, this Court shall refer the application to the Ninth Circuit Court of Appeals. Accordingly, the Court recommends the motion for leave to proceed *in forma pauperis* ("IFP") and the application to file a successive petition be transferred to the Ninth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 15, 2022, as noted in the caption.

Dated this 30th day of June, 2022.

David W. Christel
United States Magistrate Judge